IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JASON MACKEY**,

          *Plaintiff*,

*v.*                                           CAUSE NO. 3:22-CV-00023-CWR-LGI

**U.S. XPRESS, INC.** *and* **ASHLEY GRAY**,

          *Defendants*.

## ORDER

Before the Court is the Defendants' *Motion for Partial Judgment on the Pleadings*. Docket No. 39. Upon review, the motion will be granted in part and denied in part.

**I.  Factual and Procedural History**

This case arises from a rear-end automobile accident that occurred on January 27, 2020 in Harris County, Texas. Docket No. 1, Ex. 1 at 2. On that day, Plaintiff Jason Mackey was attempting to exit Interstate 10 near Eldridge Parkway when a tractor-trailer driven by Defendant Ashley Gray rear-ended his vehicle. *Id*. As a result of the accident, Mr. Mackey sustained and continues to sustain "severe injuries" to "various parts of his body, including but not limited to his neck and back." *Id*.

Mr. Mackey filed this suit in the Circuit Court of Hinds County, Mississippi on January 18, 2022, alleging claims of negligence against Ashley Gray, vicarious liability against U.S. Xpress, Inc., and gross negligence and punitive damages against both defendants. *Id*. at 1.  On January 19, U.S. Xpress removed the case to this Court under 28 U.S.C. § 1332. U.S.

Xpress filed its answer to the Complaint on January 20, Docket No. 2, and filed the present motion for partial judgment on the pleadings on September 22, 2022, Docket No. 39. Mr. Mackey responded on November 7, 2022. Docket No. 43.

II.     **Legal Standard**

The legal standard for a Rule 12(c) motion for judgment on the pleadings is the same as for a Rule 12(b)(6) motion to dismiss: "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). "The plaintiff must plead enough facts to state a claim to relief that is plausible on its face" and those facts must be sufficient to "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*.

III.    **Discussion**

U.S. Xpress makes two principal arguments in its motion for partial judgment on the pleadings. First, it argues that because its Answer conceded that it "would be vicariously liable for any simple negligence of Gray in connection with the accident," it is "entitled to dismissal of the claims for negligent entrustment, negligent hiring, negligent training, negligent supervision, and the like." Docket No. 39 at 3. Second, U.S. Xpress seeks dismissal of the punitive damages claims against both itself and Mr. Gray. *Id.* at 5. As to Mr. Gray, U.S. Xpress argues that punitive damages are improper because the Complaint fails to allege "any facts . . . which, if proven, would amount to more than simple negligence." *Id*. at 7. As to the punitive damages claims against U.S. Xpress, it argues that there can be no punitive damages award on a vicarious liability claim, *id*. at 9, and that the remaining allegations against it focus on simple negligence claims, for which punitive damages are also inappropriate. *Id*. at 10.

2

Mr. Mackey concedes that "under Mississippi cases an employer's admission of vicarious liability defeats direct negligence claims against the employer" and that "the same is true for punitive damages" for vicarious liability. Docket No. 42 at 2. But Mr. Mackey maintains that the Complaint alleges independent claims of gross negligence against Mr. Gray and U.S. Xpress, and that punitive damages are still available for those. *Id.* "However, if the Court finds that Plaintiff's pleadings are insufficient," Mr. Mackey writes, "Plaintiff requests leave to amend." Docket No. 42 at 4.

The Court agrees with the parties that "where an employer concedes liability under vicarious liability and respondeat superior, . . . a defendant is entitled to dismissal of, or summary judgment on, negligence claims based on negligent entrustment, negligent hiring, failure to train, negligent supervision and negligent retention." *Tornes v. Dollar Gen. Corp.*, No. 3:19-CV-272-CWR-FKB, 2020 WL 2736423, at *3 n.1 (S.D. Miss. May 26, 2020) (citing *Carothers v. City of Water Valley*, 242 So. 3d 138, 144–45 (Miss. App. 2017)). Therefore, the Court will dismiss Count 1 of the Complaint.

The only issue remaining before the Court, then, is whether the Complaint alleges sufficient facts to entitle Mr. Mackey to punitive damages against either of the defendants on the enduring claims. The Court need not reach this issue now, however, because the Court will grant the Plaintiff's request to amend. *See* Fed. R. Civ. P. 15(a)(2) ("a party may amend its pleading [] with . . . the court's leave. The court should freely give leave when justice so requires."). This is the Plaintiff's first such request, and the Court wants to give the Plaintiff the opportunity to "state his best case." *Wicks v. Mississippi State Employment Services*, 41 F.3d 991, 997 (5th Cir. 1995), *overruled on other grounds*, 37 F.4th 1062 (5th Cir. 2022).

## IV.     Conclusion

For the foregoing reasons, the Defendants' motion is granted in part and denied in part. The Plaintiff's amended complaint is due within 14 days.

**SO ORDERED**, this the 30th day of November, 2022.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
